UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN GARRETT SMITH,

                Petitioner,

    v.

TIMOTHY THRASHER,

                Respondent.

Case No. C23-5013-MJP-MLP

REPORT AND RECOMMENDATION

### I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner John Garrett Smith is a state prisoner who is currently confined at the Cedar Creek Corrections Center in Littlerock, Washington. He has filed an application to proceed *in forma pauperis* ("IFP") and has presented to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Pet. (dkt. # 2); IFP App. (dkt. # 10); Addendum to Pet. (dkt. # 11).) The petition challenges Petitioner's 2015 judgment and sentence of the Clark County Superior Court arising out of his conviction for attempted second degree murder. Petitioner has previously filed several other federal habeas petitions relating to the same judgment.

This Court, having reviewed the petition filed in this matter, and the prior petitions filed by Petitioner, concludes that the instant petition is a second or successive petition over which this

REPORT AND RECOMMENDATION - 1

Court lacks jurisdiction, and that the petition should therefore be dismissed. The Court further recommends dismissing Petitioner's IFP application as moot.

## II.   DISCUSSION

### A.   Second or Successive Petition

Petitioner filed the instant federal habeas petition in November 2022. (*See* dkt. ## 1-3.) The petition relates to the judgment and sentence entered under Clark County Superior Court Case Number 13-1-01035-6 on January 30, 2015. (Pet. at 19.) Petitioner asserts in his petition that his conviction rests on an audio recording made by his cell phone's voice mail feature, evidence that he claims was "fabricated by the State[.]" (*Id.* at 25.) Petitioner seeks disclosure of the original sound recording or, in the alternative, discharge and dismissal of his judgment and sentence. (*Id.* at 33.)

On December 6, 2017, Petitioner filed a federal habeas petition challenging the same 2015 Clark County Superior Court judgment and sentence. *See Smith v. Haynes*, C17-6019-BHS. The action was dismissed without prejudice because Petitioner had failed to exhaust his state court remedies. *See id.*, dkt. ## 93, 102. On December 12, 2017, Petitioner filed a second federal habeas petition in the District of Oregon, which was transferred to this district on January 24, 2018. *See Smith v. Haynes*, C18-5061-BHS. That action was dismissed as duplicative of the first action, which was then still pending. *See id.*, dkt. ## 46, 52.

In March 2018, Petitioner filed a petition for a writ of mandamus requiring state officials to produce the cell phone. *See Smith v. State of Wash.*, C18-5192-RBL. That petition was dismissed for lack of jurisdiction and as frivolous. *See id.*, dkt. ## 36, 38.

In May 2019, Petitioner filed a federal habeas petition on several grounds, including that the voice mail recording was fabricated. *See Smith v. Haynes*, C19-5394-RBL. That petition was

denied on the merits and the action was dismissed with prejudice. *See id.*, dkt. ## 42, 54. In July 2020, Petitioner filed another federal habeas petition, raising the issue of fabrication of the voice mail recording again as well as one new ground. *See Smith v. Coleman, Haynes, and Jones*, C20-5319-RBL. The petition was dismissed as second or successive because it raised only claims that were or could have been adjudicated on the merits in the prior petition. *See id.*, dkt. ## 10, 12.

The fact that Petitioner had a previous federal habeas petition challenging the judgment at issue here dismissed with prejudice renders the instant petition a second or successive one for purposes of 28 U.S.C. § 2244(b). *See* 28 U.S.C. § 2244(a). This Court is without jurisdiction to consider a successive petition until the Ninth Circuit Court of Appeals has authorized its filing. 28 U.S.C. § 2244(b)(3)(A). Petitioner provides no evidence that the Ninth Circuit has authorized the filing of the instant petition. Accordingly, this Court lacks jurisdiction over the petition.

**B.      Certificate of Appealability**

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability with respect to the claim asserted in his petition for writ of habeas corpus.

### III. CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's federal habeas petition (dkt. ## 2, 11) be dismissed for lack of jurisdiction and that a certificate of appealability be denied. This Court further recommends that Petitioner's IFP application (dkt. # 10) be denied as moot. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 24, 2023**.

Dated this 2nd day of February, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge